CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

August 15, 2017
Amended
MEMO TO COUNSEL RE: *Airport Square Holdings, LLC v. GCCFC 2007-GG9 Colomary Facilities, LLC*, 16-2883

Dear Counsel:

I have reviewed the memoranda submitted in connection with the motion for reconsideration filed by plaintiff and counter-defendant Airport Square and the motion to release funds held in court registry filed by defendant and counter-plaintiff Colomary Facilities.

I previously granted defendant's motion for summary judgment (ECF No. 27) because, *inter alia*, I concluded that Airport Square failed to demonstrate that the contract between the parties was invalid under the doctrines of impossibility or impracticability, frustration of purpose, or fraudulent inducement. (ECF 46). For the same reasons, and despite the submission of new evidence by Airport Square, I deny plaintiff's motion for reconsideration and grant Colomary Facilities' motion to release funds held in the court registry.

The court may grant a motion for reconsideration under Federal Rule of Civil Procedure 59(e) in very limited circumstances, and it is an "extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Again, Airport Square fails to show how the pending state court litigation initiated by a previous buyer, which was later dismissed, rendered the title to the property unmarketable or delivery of title impossible. Furthermore, the new evidence Airport Square offers does not demonstrate that Colomary fraudulently induced plaintiff to enter into the sales contract by guaranteeing the stability of the long-term Army Corps of Engineers' tenancy or that the tenancy was the sole basis of the contract. On the contrary, the weight of the evidence provided throughout the parties' litigation demonstrates only that while Colomary represented to Airport Square its belief in the tenant's intention to renew, it could make no absolute promises. Lastly, the contract between the parties contained both a general merger clause as well as a number of subject-specific waivers disclaiming reliance on any conflicting oral representations made before contract execution. *See Greenfield v. Heckenbach*, 797 A.3d 63, 75 (Md. App. 2002) ("[A] specific disclaimer destroys the allegations in the plaintiff's complaint that the agreement was executed in reliance upon these contrary oral representations."). Accordingly, plaintiff's motion for reconsideration (ECF No. 49) is denied and defendant's motion to release funds held in court registry (ECF No. 48), plus interest, is granted.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

J. Frederick Motz
United States District Judge